IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT GRIGGS, #205 939, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | ) CIVIL ACTION NO.: 2:09-CV-998-MHT |
| | )                 [WO] |
| LOUIS BOYD, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on October 29, 2009 claiming that Defendants failed to protect him from an inmate assault and denied him due process during disciplinary proceedings. He seeks damages, transfer to another correctional facility, and removal of the disciplinary charge from his inmate file. Named as Defendants are Warden Louis Boyd, Assistant Warden Carter Davenport, and Correctional Officers Matthew Campbell, Joel Tew, and Dexter Baldwin.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff took advantage of the opportunity granted to file a response to the special report filed by Defendants. This case is now pending on Defendants' motions for summary judgment.

Upon consideration of such motions, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. THE COMPLAINT

Plaintiff complains that Defendants violated his constitutional rights when they failed to protect him from an inmate assault and when they placed him in administrative segregation without following proper disciplinary procedures. The actions about which Plaintiff complains occurred in March 2009 while he was incarcerated at that the Easterling Correctional Facility ["Easterling"].[1]

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[1] Plaintiff is currently incarcerated at the Childersburg Work Release Facility in Childersburg, Alabama.

material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

-- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge*

4

*Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only

5

factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine

6

dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

### III.  DISCUSSION

#### A. *Injunctive/Declaratory Relief*

Plaintiff is no longer incarcerated at Easterling. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at Easterling, his request that he be transferred to another correctional facility has been rendered moot.

#### B. *Failure to Protect*

On March 2, 2009 Defendants Tew and Baldwin were working as rovers on the segregation unit. Around 5:00 p.m. the officers were involved in placing inmate Damien

Johnson in the cell which housed Plaintiff. Inmate Johnson and Plaintiff promptly engaged in an altercation. The inmates refused to comply with Defendants Baldwin's and Tew's repeated orders that they stop fighting. As a result, Defendant Tew sprayed a one second burst of Freeze Plus P directly at the two inmates. The two inmates continued fighting forcing Defendant Tew to spray another one second burst of the gas at the inmates. Both inmates then ceased fighting. Defendants Tew and Baldwin secured both inmates in handcuffs and escorted them to the segregation lobby area where the segregation commander questioned them concerning the incident. Defendants Tew and Baldwin then escorted Plaintiff and inmate Johnson to the health care unit for decontamination and examination. Medical personnel treated Plaintiff for several small abrasions and lacerations, flushed his eyes with water, noted he had no distress, and released him to correctional personnel. He was taken back to the segregation unit and placed on administrative segregation pending disciplinary action for fighting without a weapon (Rule #35). (*Doc. No. 15, Exhs. 3, 4, 6-12*.)

On March 3, 2009 Defendant Tew served Plaintiff with a disciplinary notice for violating Rule #35. The hearing was held March 16, 2009. After hearing Defendant Tew's and Plaintiff's testimony, Defendant Campbell, the disciplinary hearing officer, found Plaintiff guilty of the charged conduct. Defendant Davenport subsequently disapproved the disciplinary based on evidence that inmate Johnson was the principal aggressor. (*Doc. No. 15, Exh. 10*.)

Correctional officials may be held liable under the Constitution for acting with

"deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*), *quoting Farmer*, 511 U.S. at 844. "The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a guard's failure to act constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted); *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy). An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir. 1991); *overruled in part on other grounds by Farmer*, 511 U.S. 825. An "official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer,* 511 U.S. at 838.

Based on the foregoing, to survive summary judgment on his failure to protect claim, Plaintiff must present "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale*, 50 F.3d at 1582.

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

The evidentiary materials submitted by Defendants refute Plaintiff's allegations that Defendants Baldwin and Tew acted with deliberate indifference to his safety. There is simply no evidence before the court that these correctional defendants actually knew of any risk to Plaintiff from inmate Johnson. There is no indication from the pleadings and evidence before the court that Plaintiff at any time identified inmate Johnson as an enemy or that either Defendant Tew or Defendant Baldwin were aware of any prior run-ins or problems between the two inmates. While Plaintiff's pleadings allege that inmate Johnson voiced verbal animosity and threatened harm upon observing with whom he would be sharing quarters, "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). Clearly, inmates should not be allowed to manipulate their housing assignments by

10

simply making general threats of violence. *See Metheny v. Smith,* 2006 U.S. Dist. LEXIS 11645, *25 (S.D. Ga. Jan. 2006) ("inmate allegations regarding threats are often simply ploys to 'arrange a room move.' ") (*citing Pagels v. Morrison,* 335 F.3d 736, 741 (8th Cir. 2003)(inmate's letter concerning threat to his safety insufficient to establish deliberate indifference where official receiving letter testified that he did not actually believe that the risk was serious and that such allegations were common among inmates trying to change cellmates); Additionally, Plaintiff's contentions that other cells were available in which to house inmate Johnson and that inmate Johnson was not handcuffed prior to entering the cell as well as Plaintiff's speculative assertion that inmate Johnson may have just been released from suicide watch "which may have called for some special protocol" when making his cell assignment, are insufficient for purposes of demonstrating that Defendants Tew and Baldwin had sufficient notice of a substantial risk of harm to Plaintiff from inmate Johnson. (*See Doc. No. 22*.)

The record is devoid of evidence that the correctional defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff, that Defendants actually drew this inference, and, thereafter, ignored the known risk. In this case, Plaintiff has not presented facts sufficient to create a genuine issue with respect to "actual knowledge" of a substantial harm. Rather, the evidence indicates that inmate Johnson's attack was a sudden, isolated incident arising from his displeasure at learning that he would be sharing a cell with Plaintiff. *See Curry v. Crist,* 226 F.3d 974, 979

11

(8th Cir. 2000) (affirming summary judgment where a prisoner was injured during a surprise attack by another inmate). As noted *supra*, voicing a threat of harm borne of a displeasure over being housed with a certain inmate is not sufficient to place Defendants on notice of a substantial risk of harm. *See Carter,* 352 F.3d at 1349, 1350 ("[T]here must be much more than mere awareness of [a] ... generally problematic nature [of another inmate].... [A] generalized awareness of risk ... does not satisfy the subjective awareness requirement.").

At best, and viewing the evidence in a light most favorable to Plaintiff, his allegations suggest negligence or simple misjudgment on the part of Officers Tew and Baldwin. However, the "negligent failure to protect an inmate from attack does not justify liability under § 1983." *Brown,* 894 F.2d at 1537. In retrospect, it could appear that the more prudent course would have been to refrain from placing inmate Johnson in the cell with Plaintiff. Courts, however, cannot "allow the advantage of hindsight to determine whether conditions of confinement amounted to cruel and unusual punishment." *Purcell v. Toombs County,* 400 F.3d 1313, 1320 (11th Cir. 2005).

Inmate Johnson's assault on Plaintiff was an unfortunate event; however, it does not reflect deliberate indifference on the part of Defendants Tew and Baldwin. The evidence reflects that the events complained of unfolded quickly. The correctional officers gave repeated orders that the inmates disengage and gave them the opportunity to quit fighting of their own accord without the officers resorting to the use of mace but they failed to do so. After the second burst of mace, the inmates ceased fighting, were removed from the cell, and

12

provided with prompt medical attention for treatment of minor injuries. (*Doc. No. 15, Exhs. 3, 4, 6, 7, 8, 9*.)

Because Plaintiff has failed to show that Defendants actually knew that a substantial risk of serious harm existed, he has failed to satisfy the subjective element of his Eighth Amendment claim as well. *Carter*, 352 F.3d at 1350. Since the record fails to demonstrate that the incident between Plaintiff and inmate Johnson occurred due to any deliberate indifference or reckless disregard by Defendants Tew and Baldwin, summary judgment is due to be granted in their favor on the failure to protect claim. *See Celotex Corp.* 477 U.S. at 322.

### C. *Respondeat Superior*

To the extent Plaintiff names Warden Boyd and Assistant Warden Davenport as defendants in their capacity as supervisory officials and claims that they failed to properly supervise correctional officers Tew and Baldwin and /or failed to train them properly which resulted in him being injured by another inmate, he is entitled to no relief.[3] Supervisory personnel cannot be held liable under § 1983 for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of*

---

[3] An allegation that a supervisor acted with negligence in supervising a subordinate fails to state a claim of constitutional magnitude. *See Daniel v. Williams*, 474 U. S. 327 (1986)

13

*Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993). Liability, however, may be imposed if a plaintiff shows a defendant either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."); *Dolihite v. Maughon,* 74 F.3d 1027, 1052 (11th Cir. 1996). The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999.

Here, the court finds that Plaintiff has failed to present any support for his allegation against Defendants Boyd and Davenport. Specifically, Plaintiff offers no evidence that

14

Defendants Boyd or Davenport had any personal involvement in the incidents about which he complains. (*See Doc. No. 15, Exhs. 1, 5*.)  The court finds nothing in the record to establish the requisite causal connection between Defendants Boyd and Davenport and the alleged constitutional deprivations.  Accordingly, the court finds that summary judgment is due to be granted in their favor on Plaintiff's *respondeat superior* claim.  *See Dolohite*, 74 F.3d at 1052.

### D. Due Process

As a result of the incident between Plaintiff and inmate Johnson on March 2, 2009, Plaintiff received a disciplinary infraction for fighting without a weapon.  At the disciplinary hearing, Defendant Campbell found Plaintiff guilty of the charge. Defendant Davenport subsequently disapproved the finding of guilt.  (*Doc. No. 15, Exh. 10*.)

With regard to Plaintiff's allegation that his constitutional rights were violated because the procedures set forth in the ADOC's regulations governing disciplinary hearings were not followed prior to his placement in administrative segregation, such claim entitles him to no relief.  Not every deviation from an agency's rules constitutes a constitutional violation.  See *Smith v. State of Georgia*, 684 F.2d 729 (11th Cir. 1982); see also *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).  The ADOC's adoption of procedural rules does not give rise to the creation of any protected constitutional interest. *See Sandin v. Conner*, 515 U.S. 472; *see also Hewitt v. Helms*, 459 U.S. 460, 471 (1983).

15

To the extent Plaintiff alleges that he had a due process right not to be served with a disciplinary where he was ultimately found not guilty of the charged conduct, he is likewise entitled to no relief. *See Sandin*, 515 U.S. 472. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution of the United States. *Conlogue v. Shinbaum,* 949 F.2d 378, 380-81 & n.5 (11th Cir. 1991). The actions about which Plaintiff complains with respect to issuance of the disciplinary infraction do not rise to the level of a constitutional violation and, therefore, cannot provide a basis for relief in this § 1983 action. *See Collins v. King,* 743 F.2d 248, 253 (5th Cir. 1984) (prisoner's claim that he was falsely "charged with things he did not do," standing alone, does not state a due process claim). Defendants are, therefore, entitled to summary judgment on Plaintiff's due process claim.

## IV. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment *(Doc. No. 15)* be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice; and

4. Costs of the proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **March 14, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 29th day of February 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

17